William R. Brennan, Jr., J.
This motion for a temporary injunction is denied. There is no clear showing of any violation of section 19 of the Election Law of the State of New York, and absent such a showing no temporary injunction may issue.
The section in question prohibits a political party or a committee of a political party from expending any money in aid of the designation or nomination of any person to be voted for at a primary election.
The plaintiff, an enrolled Republican running in the forthcoming Republican primary election for his party’s nomination as candidate for the office of Assemblyman of the Fourth Assembly District, in Nassau County, asserts that the Nassau County Republican Committee, by its chairman and treasurer and employees, is expending funds in behalf of the candidacy of his opponent, the incumbent Assemblyman, defendant Edwin Fehrenbach. As proof of these charges he asserts that pamphlets in support of the Fehrenbach candidacy have been printed in the basement of the Republican party headquarters and are being mailed and circulated by personnel employed by the Nassau County Republican Committee.
The affidavit of Joseph F. Carlino, read in opposition to the motion, admits that the printing has been done in the basement of Republican headquarters, but asserts that the entire cost of printing and distribution is being borne by a separate and distinct organization known as the Nassau County Republican Primary Committee. This committee, it is asserted, maintains a separate bank account wherein are deposited contributions from the general public. It is further asserted in the affidavit that no funds whatsoever of the Nassau County Republican Committee are used in behalf of the Fehrenbach candidacy.
Section 19 of the Election Law, enacted in 1911, apparently has not been the subject of judicial interpretation. The plain reading of the section indicates that the prohibition contained therein runs against the “ party ” and “ any party committee ”. A party committee is defined in section 10 of the Election Law as being either the State committee, the county committee, or such other committe as the rules of the party may provide. The so-called Nassau Republican Primary Committee does not *537 fit any of these categories' and if, as asserted, this committee alone is expending the funds in behalf of the Fehrenbach candidacy, there is no violation of law. The reply affidavits, in which it is asserted that certain Republican clubs throughout the county are distributing literature in behalf of the Fehrenbach candidacy, add nothing to the charges. There is no legal prohibition of this practice.