Bernard S. Meyer, J.
This is an article 78 proceeding by a member of the Regular Democratic Organization of Long Beach, Inc., against that corporation, its president, treasurer and executive member, for a writ of prohibition. Petitioner claims that respondents are making expenditures in violation of section 19 of the Election Law on behalf of a slate of candidates sponsored by respondents. That section provides: “ No contribution of money, or the equivalent thereof, made, directly or indirectly, to any party, or to any party committee or member thereof, or to any person representing or acting on behalf of a party, or any moneys in the treasury of any party, or party committee, shall be expended in aid of the designation or nomination of any person to be voted for at a primary election, either as a candidate for nomination for public office, or for any party position.”
The proceeding is technically defective in that the slate of candidates sponsored by respondents should have been joined as parties, CPLR 7802 (subd. [c]), but if that defect be overlooked, the petition must nonetheless be dismissed. The only specific allegations in the petition are that respondents placed an advertisement in the April 17, 1969 issue of the Nassau Star on behalf of the slate of candidates and that ‘ ‘ party headquarters are used as a base of operations for the primary campaign of the slate of candidates supported by The Regular Democratic Organization of Long Beach, Inc.” which uses party funds to pay the mortgage, interest, taxes and upkeep of the headquarters.
The allegation that the April 17, 1969 advertisement was placed by respondents is made upon information and belief, but neither the source of information nor the grounds of belief are set forth in the petition or the verification of the petition, nor ■has petitioner presented, as is his right under CPLR 7804 (subd. [c]), his own or any other affidavits in support of the broad allegations of his petition. With respect to the advertisement, therefore, the petition is insufficient on its face. Moreover, it is wholly refuted by the answer and supporting affidavit, which establish that the April 17,1969 advertisement was placed by the Citizen’s Committee for Democratic Designees and has not yet been paid for. Though petitioner could have obtained leave to serve a reply affidavit in refutation no such request was made. Clearly, therefore, no triable issue of fact is presented in this respect.
That party headquarters are used as a base of operations for the slate of candidates and that party funds are used to pay *666 the mortgage, interest, taxes and upkeep of the headquarters is admitted by the answer, but does not state a violation of section 19 of the Election Law (see Werner v. Nassau County Republican Committee, 36 Misc 2d 535). The petition does not allege (though the brief argues) that there was use on behalf of the slate of office supplies, telephones, or the like, which would involve payments by the party committee, over and above its .regular expenditures, for the telephone service or the replacement of .supplies used. All that is admitted is that the slate has been permitted to use the space and that expenditures which the party organization would have to make whether the slate used the space or not have continued. The Election Law does not prohibit sponsorship of a slate by a party committee. What is prohibited is the expenditure of moneys in aid of the slate. To allow the use of space .is not an expenditure of money, and such expenditures as are involved in the payment of carrying charges on the building are not in aid of the slate but in payment of party obligations.
Since there is no triable issue presented by the papers, the petition is dismissed.