John P. Donohoe, J.
The motion for an order pursuant to CPLR 7804 (subd. [f]) dismissing the petition herein as a matter of law on the grounds that:
(1) petitioners have failed to join and serve necessary parties to this proceeding; and
(2) the petition fails to state facts sufficient to entitle petitioners to relief in that a prohibition proceeding may not be maintained (a) where adequate relief, by appeal, is provided by the statute under which respondent is proceeding; (b) where the.respondent’s jurisdiction is not in issue; (c) where repondent is the sole officer designated by statute to perform the official duties sought to be enjoined; and (d) where the remaining relief requested, inspection of public records, has not been denied and, in any event, presently is moot; is granted.
In this proceeding, the thrust of the petition is to stay the Supervisor of the Town of Harrison from performing the functions which the Village Law imposes upon him in the incorpora *542 tion of a village by article 2 of the Village Law. The petition is inartfully drawn. It fails to include a. request for any specific relief.. A thorough reading of it'indicates that the petitioners seek prohibition, and it will, thérefore, be deemed a proceeding under CPLR article 78:
Article 2 of the Village Law, which became effective on September 1,1973 (L. 1973, ch. 892) provides the procedure for the incorporation of villages. An integral part of -that, procedure is the function of the Supervisor of the Town as the officer with whom the original petition is filed (§ 2-201, subd. 1, par. f, cl. [1]) to whom the deposit is paid (§ 2-202, subd. 1, par f, cl. [2]), who provides for the posting of notice of hearing (§ 2-204), who conducts the hearing (§ 2-206), who determines the legal sufficiency of the petition (§ 2-208) and who is the party whose, determination is the subject of judicial review in a pro-" ceeding brought pursuant to CPLR article 78 (§ 2-210).
The court will restrain a public officer from the performance of duties enjoined upon him by statute only in the'most extraordinary circumstances, where he acts illegally and without authority, or where irreportable damage to property rights is involved, or where the officer enforces a private grievance under the guise of law.' (See 28 N. Y. Jur., Injunctions, § 103, pp. 438-439, and the authorities there cited.)
In this case, two petitions have been filed for the incorporation of villages within the Town of Harrison. One petition seeks the incorporation of the entire town as the Village of Harrison. The other, represented by the petitioners in this proceeding, seeks the incorporation of a part of the town as the Village of Purchase. The issue around which the instant dispute revolves is which petition was filed /first. It is the strongly expressed view of the petitioners that the supervisor deliberately avoided them when they sought to file their petition , in order to permit the prior filing of the Harrison petition and they allege misconduct on his part in engaging in a scheme to defeat their prior filing.
This is a poorly grounded proceeding. In the first placé,. the statute provides for the designation of agents of the embryonic village upon whom service must be made before its creation (Village Law, § 2-202, subd. 1, par. b, cl. [5]). Three such persons were designated, but the petitioners disregarded them and provided in their order to show cause for service upon the supervisor only. This omission is a jurisdictional one. The court lacks the power to adjudicate the matter in the absence of these necessary parties.
*543 If it were not for the nonjoinder of the agents designated by the Harrison petitioners, the proceeding would be dismissed on other grounds. (Matter of Horn v. Regular Democratic Organization of Long Beach, 59 Misc 2d 664.) The statute in section 2-210 provides for judicial review pursuant to CPLR article 78. The attempt at this time to determine the propriety and legal sufficiency of the acts of the supervisor is premature (Matter of Plummer v. Dominy, 18 A D 2d 190, mot. for lv. to app. den. 13 N Y 2d 594, mot. for lv. to intervene granted 13 N Y 2d 724).
In the circumstances of this case, the court will not restrain the supervisor from the performance of his statutorily imposed duties. The petition is dismissed upon the jurisdictional grounds set forth herein and upon the merits.